# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:04cr89 |
| | § | (Judge Schell) |
| TERRI LYNN LEWIS JONES | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of the Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 11, 2008 to determine whether the Defendant violated her supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

On December 10, 2004, the Defendant was sentenced by the Honorable Richard A. Schell to 24 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, employment restrictions, a $200 special assessment, a $4,000 fine, and restitution in the amount of $256,933.17, for the offenses of false declarations and statements and fraudulent use of a Social Security Number.

On October 24, 2006, Defendant completed her period of imprisonment and began service of her supervised term.

Thereafter, on September 23, 2008, the United States Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. 17). The petition asserted that the

1

Defendant violated the following conditions: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or paraphernalia related to such substances, except as prescribed by a physician; (4) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (5) Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer; (6) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (8) Defendant shall notify the probation officer ten days prior to any change in residence or employment; and (9) Defendant shall make restitution in the amount of $256,933.17.

The petition alleges that Defendant committed the following acts: (1) On July 29, 2008, Defendant committed the offense of Possession of Controlled Substance, Cocaine in Dallas County, the arrest report resulted from a traffic stop, Defendant was the passenger in the vehicle and was acting nervous at time of contact by the police officer, a search of the vehicle resulted in crack cocaine being located on passenger floorboard, Defendant was released on a $500 bond, and Defendant failed to notify the U. S. Probation Office of the above arrest; (2) Defendant submitted a urine specimen that tested positive for cocaine on August 18, 2008; (3) Defendant failed to submit written monthly reports within the first five days of the month for January, February, March, April, May, June, and July 2008 and also failed to report for scheduled office visits on June 16, 2008, and July 28, 2008; (4) Defendant failed to notify the probation officer that she was evicted from her

apartment on July 22, 2008, the probation officer attempted to make a home visit on August 7, 2008, and discovered other tenants in her apartment, and the officer made contact with the apartment manager who indicated the Defendant was evicted on July 22, 2008; and (5) Defendant is currently in default on her restitution and has not made a payment since October 2007, and her current restitution balance is $250,099.61.

At the hearing, the Government offered the testimony of U.S. Probation Officer Terri Garza, who testified to the allegations in the Government's petition. The Defendant offered the testimony of Richard Wagoner, Defendant's counselor who testified as to her history of depression and anxiety. Defendant also tendered a letter written by her daughter. Defendant also offered a statement to the Court.

Based on the testimony and exhibits presented, the Court finds that the Defendant violated the stated conditions of her supervised release.

## **RECOMMENDATION**

This Court finds that the Defendant violated the conditions of her supervised release. The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with a 28-month term of supervised release to follow, 4 of which should be in a halfway facility on release (Ft. Worth, if possible).

The Court further recommends that upon release from imprisonment, the Defendant should be placed on supervised release for a term 28 months. Within 72 hours of release from the custody of the Bureau of Prisons, the Defendant should report in person to the probation office in the district

to which the Defendant is released. While on supervised release, the Defendant should not commit another federal, state, or local crime, and should comply with the standard conditions that have been adopted by the Court, and should comply with the following additional conditions:

It is recommended that the Defendant should pay restitution totaling $256,933.17 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court recommends the restitution payments to begin immediately. Any amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the Defendant's gross income, to be changed during supervision, if needed, based on the Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). It is further recommended that the Defendant should pay a fine totaling $4,000.00. The fine payments should begin immediately. It is further recommended that the Defendant should provide the probation officer with access to any requested financial information for purposes of monitoring employment; that the Defendant should not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; the Defendant should not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; the Defendant should participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U. S. Probation Office, until such time as the Defendant is released from the program by the probation officer; the Defendant should be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer; the Defendant should participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U. S. Probation Office, until such time as the Defendant is released from the program by the probation

officer; the Defendant should be self-employed only with the consent of the probation officer. The Court further recommends that should the Defendant become employed as a bookkeeper or accountant, or should she obtain employment in a fiduciary capacity of any type, she should be required to notify the employer of the facts surrounding this conviction, and allow the U. S. Probation Office to verify this.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of January, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE